UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CARLOS G. VILLARREAL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:20-cv-01074 |
| SARMA COLLECTIONS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes CARLOS G. VILLARREAL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of SARMA COLLECTIONS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Western District of Texas.

1

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), over 18 years of age.

5. Defendant is a collection agency that provides third party debt collection services to creditors from a variety of industries. Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 555 East Ramsey Road, San Antonio, Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action stems from Defendant's attempt to collect upon a debt ("subject debt") Plaintiff is alleged to owe Economy Finance Co. ("Economy").

9. Plaintiff incurred the obligation from Economy for his personal purposes.

10. On or about August 24, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

11. Defendant's collection letter compelled Plaintiff to make full payment on the subject debt, said to total approximately $737.00, further providing Plaintiff with various options of how he could go about paying the subject debt.

12. Plaintiff became confused by Defendant's collection letter, as he believed he did not owe the subject debt.

13. Specifically, the subject debt was resolved through a prior confidential agreement.

14. Plaintiff was concerned and confused by Defendant's collection letter, as he was falsely, deceptively, and misleadingly led to believe he still owed the subject debt, when in fact he did not.

15. Defendant's collection letter thus falsely, deceptively, misleadingly, and unfairly attempted to collect a debt from Plaintiff, despite Plaintiff's complete lack of obligation in connection with the debt serving as the basis of Defendant's collection efforts.

16. Frustrated over Defendant's conduct, Plaintiff spent time conferring with counsel regarding Defendant's collection efforts, resulting in lost time.

17. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to emotional distress stemming from being sought after in connection with a debt he does not owe, aggravation believing that he still owed a debt despite his lack of obligation thereon, as a well as violations of his state and federally protected interests to be free from deceptive and misleading debt collection communications.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff repeats and realleges paragraphs 1 through 17 as though fully set forth herein.

19. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

20. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

21. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

22. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

23. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

24. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

25. Defendant violated § 1692e, e(2), and e(10) when it attempted to collect upon a debt which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debt, even though he did not. Plaintiff was harmed by Defendant's false representations as he was led to believe he still owed the subject debt and was being actively sought after by a collection agency, when in fact he had no remaining obligation in connection with the subject debt.

### b. Violations of FDCPA § 1692f

26. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1) further prohibits "[a]ttempt[s] to collect any amount not authorized by the agreement creating the debt or permitted by law."

27. Defendant further violated § 1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt that Plaintiff does not owe. Defendant's collection efforts were unlawful and unsupported by any contractual provision, underscoring Defendant's unfair and unconscionable attempts to collect a debt from an innocent consumer.

4

WHEREFORE, Plaintiff, CARLOS G. VILLARREAL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

30. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

31. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

32. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

33. Defendant violated the above referenced portions of the TDCA when it attempted to collect upon a debt which Plaintiff does not owe. Through its collection letter, Defendant misrepresented the character, extent, and amount of Plaintiff's purported obligation on the subject debt. Such conduct similarly constitutes the utilization of false representations and deceptive means made during Defendant's attempts to collect upon a debt.

WHEREFORE, Plaintiff, CARLOS G. VILLARREAL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 10, 2020

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com